**People of the State of Illinois, Defendant in Error, v. William Demos, Plaintiff in Error.**

**Gen. No. 48,182.**

First District, Second Division.

December 20, 1960.

Rehearing denied and opinion modified January 31, 1961.

William A. Cain, of Chicago, for plaintiff in error.

Benjamin S. Adamowski, State's Attorney of Cook county (Francis X. Riley and Marvin E. Aspen, Assistant State's Attorneys, of counsel) for defendant in error.

MR. JUSTICE FRIEND delivered the opinion of the court:

Defendant, William Demos, was indicted by the Cook County grand jury on a charge of bribery following the alleged sale by him of two pints of wine to one William Thrower on Sunday, May 24, 1959, before the hour of twelve noon, in violation of a city ordinance (Municipal Code of Chicago § 147–13). Defendant waived a jury and was tried by the court on a plea of not guilty. At the conclusion of the hearing, the court found him guilty and assessed a fine of $500.00; defendant appeals from the judgment.

Defendant operated a combination fruit, vegetable, and meat market at 2422 West Madison Street in Chicago, in which he also had a counter where he sold liquor. At about 9:50 a.m. of the day in question, Police Officer De Waele, standing in the store doorway, saw a brown bag passed by defendant to Thrower. He did not see any money exchanged, but when Thrower left the store, De Waele examined the paper bag and found two pint bottles of wine which Thrower said he had purchased for $1.30. Defendant and Thrower were arrested and taken to a near-by police station. De Waele testified that at the station he and Demos were alone for awhile, and that during that time Demos attempted to give him five ten-dollar bills, saying, as De Waele quoted him, " 'I don't want to have any trouble. I want you to have this.' " Thrower was not produced by the State as a witness. The sale of liquor and the passing of fifty dollars as an attempted bribe were denied by defendant. He asserted that De Waele ordered him to take his belongings out of his pockets, that he laid $53.00 on the desk, together with a handkerchief and comb, and that before he could put the handkerchief and comb back in his pocket De Waele started to count the money. Defendant asserts that the $50.00 was given in lieu of a bond, but this is denied by the officer, who ordered another officer to lock up defendant on bribery. Shortly thereafter Demos was taken to another room in the police station where Officer Raleigh took down and transcribed a two-page closely typewritten statement in the presence of Officer Flynn (the questioner), Officer De Waele, and Thrower; the statement consisted of questions and answers and was subsequently signed by Demos and witnessed. The questions and answers related to Demos' personal history, his family, the period during which he had conducted his business, etc. He stated that he was aware of the ordinance for-

bidding the sale of liquor before twelve noon on Sunday, and when asked why he had sold the wine to Thrower he responded that he didn't know what time it was. He was then asked the following question: "Do you further know that you violated the law when you gave five ten-dollar bills, United States currency federal reserve notes to the Sgt. that arrested you?" to which he responded: "I didn't know that." He was also asked whether he heard the questions and answers given by Willie Thrower in another statement, and he replied that he had; when asked whether these answers were true, he responded that he didn't know.

When Demos was arraigned, the State's Attorney represented to the court that there were no statements in the indictment to be given defendant or his counsel. Early in the trial, defense counsel objected to this statement in writing when it was introduced for the first time as Exhibit 2. In attempting to perfect this appeal, a predecessor of present counsel found that the exhibit complained of, the statement given by Demos at the police station, was not transcribed by the court reporter and was unavailable; in fact, it was not filed in the Appellate Court until November 22, 1960, long after the appeal was perfected. A praecipe for supplemental record was ordered, and by stipulation of the parties it was agreed that the Thermofax copy of a statement given by defendant to the Chicago Police Department on May 24, 1959 "is believed to be a true and accurate copy of Exhibit 2 of the present case, which Exhibit 2, upon due and diligent search, cannot be located." Defendant's counsel takes the position that the admission into evidence of the questions and answers signed by Demos at the police station on the day he was arrested was in contravention of the provisions of the Criminal Code (Ill. Rev. Stat. 1959, ch. 38, § 729) and was therefore prejudicial error. The pertinent portions of this statute are as follows:

279

"Whenever a written or oral confession shall have been made before any law enforcement officer or agency in this State by any person charged with any crime, a copy of such confession, if written, together with a list of the names and addresses of all persons present at the time such confession was made shall be given to the defendant or his counsel prior to arraignment, or at such later time as the court, in its discretion, may direct, upon motion by either the prosecution or defense at the time of arraignment. . . .

"No confession shall be admitted as evidence in any case unless the confession and/or list of names [and addresses of persons present at the time the] confession was made is furnished as required by this Section. . . ." (The bracketed material conforms this paragraph to the phraseology used in the 1957 edition of the Statutes; the 1959 edition repeats one line and omits one line of the paragraph in question.)

■ The State contends that Exhibit 2 was an admission and not a confession. Both counsel agree that there is a distinction between a statement that is only an admission and one which constitutes a confession of guilt of the crime charged. A confession, as defined in People v. Stanton, 16 Ill.2d 459, 466, 158 N.E.2d 47 "is a voluntary acknowledgment of guilt after the perpetration of an offense, and it does not embrace mere statements or declarations of independent facts from which guilt may be inferred, while an admission is any statement or conduct from which guilt of the crime may be inferred but from which guilt does not necessarily follow."

■ As we read the pertinent questions and answers given by Demos, they are virtually a confession of guilt. Defendant was charged with having attempted to bribe a police officer to release him from

280

■

the charge that he had illegally sold two bottles of wine on a Sunday before twelve noon. The question "Do you further know that you violated the law when you gave five ten-dollar bills . . . to the Sgt. that arrested you?" and his answer "I didn't know that," carry with them an implication that he did give the officer fifty dollars to release him from the charge of violating an ordinance, but that he did not understand that it was illegal to do so. There is force to the statement of defendant's counsel that this is like asking a man if he still beats his wife.

After carefully reading Exhibit 2 we are convinced that it has all the attributes of a confession. Inasmuch as section 729 of the Criminal Code specifically provides that a copy of a confession, if written, together with the names and addresses of persons present at the time it is made, shall be given to defendant or his counsel prior to arraignment, or at such later time as the court may, in its discretion, direct, and that "no confession shall be admitted as evidence . . . unless the confession and/or list of names and addresses of persons present at the time the confession was made is furnished as required by this Section," we think it was prejudicial error for the court to admit it, since admittedly no copy was given to defendant or his counsel before it was first offered in evidence on trial.

For the reasons indicated, the judgment of the Criminal Court is reversed, and the cause remanded for further proceedings consistent with the views herein expressed.

Judgment reversed, and cause remanded with directions.

BURKE, P. J. and BRYANT, J., concur.